UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

GLENN DELLATACOMA

        Plaintiff,

 -v-                                                    No. 12 Civ. 7916 (LTS)

POLYCHEM CORPORATION, et al,

        Defendants,

-------------------------------------------------------------------x

MEMORANDUM ORDER

In this products liability action, Plaintiff Glenn Dellatacoma ("Plaintiff"), who was injured while he was standing on a wooden shipping pallet, asserts claims against Defendants Polychem Corporation; OMS America, LLC; Polychem OMS Systems, Inc.; Sterling Packaging Company; Evergreen Plastics; and FDM Corporation (collectively, "Defendants"). Currently pending before the Court is Defendants' motion for summary judgment pursuant to Federal Rule of Civil Procedure 56.[1]  The Court has jurisdiction of this action under 28 U.S.C.

---

[1] Plaintiff's complaint includes, inter alia, a negligence claim, but when Defendants moved for summary judgment on all claims, Plaintiff only opposed the motion as to the claims for breach of implied warranty and failure to warn. As Plaintiff has not opposed Defendants' motion for summary judgment on any other claims, and there is no factual basis for such claims in the record, the Court deems them abandoned. See Bowan v. Cnty. of Westchester, 706 F. Supp. 2d 475, 492 (S.D.N.Y. 2010) (citations omitted); see also Taylor v. City of New York, 269 F. Supp. 2d 68, 75 (E.D.N.Y. 2003) ("[f]ederal courts may deem a claim abandoned when a party moves for summary judgment on one ground and the party opposing summary judgment fails to address the argument in any way"). The following discussion, accordingly, is focused on Plaintiff's failure to warn and breach of implied warranty claims.

§ 1332. The Court has considered carefully the parties' submissions and arguments and, for the following reasons, the Court grants Defendants' motion for summary judgment.

BACKGROUND

The following facts are undisputed unless indicated otherwise.[2] On November 3, 2009, Plaintiff was employed as a mailer by the New York Post and was working at its Bronx, New York warehouse. (Def. 56.1 St. ¶ 1.) Plaintiff alleges that, on that day, he attempted to retrieve a box of "Sterling Strap" (the material used to bundle magazines and newspapers for delivery) from a wooden pallet in a storage room. (Id. ¶ 2.) According to Plaintiff, he stepped on the pallet, grabbed a box of the Sterling Strap, turned to step off the pallet, at which point the pallet cracked, and he fell. (Id. ¶ 2.) Plaintiff asserts that he had stepped on pallets many times while at work, and that he had never received a warning not to do so. (Id. ¶ 3). Defendants manufactured, boxed, and shipped Sterling Strap on wooden pallets wrapped in polyester strapping though its third-party shipping vendors to its customers, including the New York Post. (Id. ¶ 6.) Defendants did not manufacture, design, or assemble the pallet. (Id. ¶ 7.) The pallet's manufacturer is unknown. (Id. ¶ 8.)

Plaintiff proffers no evidence of other pallet breakage incidents nor any evidence concerning the design or manufacturing of the pallet. The current whereabouts of the pallet are unknown. Defendants dispute Plaintiff's contentions that the pallet was one supplied with a

---

[2]  Facts recited as undisputed are identified as such in the parties' statements pursuant to S.D.N.Y. Local Civil Rule 56.1 or drawn from evidence as to which there is no non-conclusory contrary factual proffer. Citations to the parties' respective Local Civil Rule 56.1 Statements ("Def. 56.1 St." or "Pl. 56.1 St.") incorporate by reference the parties' citations to underlying evidentiary submissions.

shipment of Defendants' Sterling Strap. That factual dispute is not material, however, because, as explained below, Plaintiff has failed to proffer facts sufficient to sustain his causes of action.

DISCUSSION

Defendants move for summary judgment pursuant to Federal Rule of Civil Procedure 56. Summary judgment is appropriate when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The moving party bears the burden of demonstrating the absence of a material fact, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986), and the court must be able to find that, "'after drawing all reasonable inferences in favor of a non-movant, no reasonable trier of fact could find in favor of that party.'" Marvel Entertainment, Inc. v. Kellytoy (USA), Inc., 769 F. Supp. 2d 520, 523 (S.D.N.Y. 2011) (citing Heublein v. United States, 996 F.2d 1455, 1461 (2d Cir. 1993)). "[M]ere conclusory allegations or denials . . . cannot by themselves create a genuine issue of material fact where none would otherwise exist." Hicks v. Baines, 593 F.3d 159, 166 (2d Cir. 2010) (internal quotation marks and citation omitted).

A plaintiff injured by an allegedly defective product may seek recovery against a manufacturer or distributor on the basis of any one or more of four theories: negligence, breach of implied warranty, breach of express warranty, and strict products liability. See Voss v. Black & Decker Mfg. Co., 59 N.Y. 2d 102, 106 (N.Y. 1983); see also Russo v. Keough's Turn of the River Hardware, LLC, No. 11 Civ. 994 (VB), 2012 WL 4466626, at *5 (S.D.N.Y. Sept. 25, 2012). Plaintiff asserts claims against Defendants for breach of implied warranty and failure to comply with a duty to warn.

Breach of Implied Warranty Claim

"A product is defective for the purposes of breach of an implied warranty claim if it is not 'fit for the ordinary purposes for which such goods are used . . .'"  Russo, 2012 WL 4466626, at *5 (quoting Macaluso v. Herman Miller, Inc., No. 01 Civ. 11496, 2005 WL 563169, at *5 (S.D.N.Y. March 10, 2005)).  A "warranty of fitness for ordinary purposes does not mean that the product will fulfill [a] buyer's every expectation." Scientific Components Corp. v. Sirenza Microdevices, Inc., 399 F. App'x 637, 640 (2d Cir. 2010) (alteration in original) (citation and internal quotation marks omitted).  "Instead, recovery for breach of the implied warranty of merchantability is warranted 'upon a showing that the product was not minimally safe for its expected purpose.'"  Humphrey v. Diamant Boart, Inc., 556 F. Supp. 2d 167, 183 (E.D.N.Y. 2008).  "To establish a breach of an implied warranty, a Plaintiff must show "(1) that the product was defectively designed or manufactured; (2) that the defect existed when the manufacturer delivered it to the purchaser or user; and (3) that the defect is the proximate cause of the accident."  Hayes v. New York, No. 10 Civ. 1201, 2013 WL 5278879, at *14 (N.D.N.Y. Sept. 18, 2013).

Here, Plaintiff has failed to proffer any evidence of a design or manufacturing defect in the pallet.  He simply relies on the allegation that the pallet broke when he stood on it.  The fact that one accident occurred is, however, insufficient to establish that the pallet was not minimally safe for its intended purposes when it was shipped.  See Valente v. Textron, Inc., 931 F. Supp. 2d 409, 439 (E.D.N.Y. 2013) (granting summary judgment and dismissing implied warranty claim regarding golf cart accident, where plaintiffs produced no evidence of differences in design from industry standards nor evidence of a statistically significant number of accidents); see also Macaluso, 2005 WL 563169, at *8 (granting summary judgment for defendant where

"plaintiffs have provided no evidence that the chair in which the alleged accident occurred was defective" other than the fact that it broke while plaintiff was sitting on it).  Plaintiff's allegations that warehouse workers were in the habit of standing on pallets, and his failure to identify any other similar breakage incidents, are likewise fatal to his breach of implied warranty claim.  Cf. In re Fosamax Products Liab. Litig., 924 F. Supp. 2d 477, 489 (S.D.N.Y. 2013) (holding that "Plaintiff has failed to adduce sufficient evidence for the Court to find that Fosamax is not minimally safe, given that millions of prescriptions for Fosamax have been issued, and that Fosamax has been proven effective for fracture reduction.  The incidence rate of [osteonecrosis of the jaw] among Fosamax users is so low that no reasonable juror could conclude that Fosamax was not minimally safe."); Daley v. McNeil Consumer Prods. Co., 164 F. Supp. 2d 367, 374 (S.D.N.Y. 2001) (granting summary judgment and dismissing plaintiff's breach of implied warranty claim on the grounds that no more than a small "fraction of potential users" reported an adverse reaction to the dietary supplement at issue).  Accordingly, Defendants are entitled as a matter of law to summary judgment dismissing Plaintiff's breach of implied warranty claim.

### Failure to Warn

Plaintiff also asserts a failure to warn claim.  Plaintiff does not specify whether his failure to warn claim sounds in strict liability or in negligence, but the two types of claims are treated identically under New York law.  See Fosamax, 924 F. Supp. 2d at 486; see also DiBartolo v. Abbott Labs., 914 F. Supp. 2d 601, 611 (S.D.N.Y. 2012) (under New York law, "failure to warn claims are identical under strict liability and negligence theories of recovery"). In the strict products liability and negligence contexts, "a plaintiff may assert that the product is defective because of a mistake in the manufacturing process . . .[,] because of an improper

design . . .or because the manufacturer failed to provide adequate warnings regarding the use of the product." Arneauld v. Pentair, Inc, No.11 Civ. 3891(SJF)(ETB), 2012 WL 5932956, at *17-18 (E.D.N.Y. 2012) (internal quotation marks and citations omitted).

A plaintiff must show that the manufacturer breached its duty to warn users "against dangers resulting from foreseeable uses about which it knew or should have known, and . . . that failure to do so was the proximate cause of the harm." State Farm Fire & Cas. Co. v. Nutone, Inc., 426 F. App'x 8, 10 (2d Cir. 2011); see also Bravman v. Baxter Healthcare Corp., 984 F.2d 71, 75 (2d Cir. 1993) ("A plaintiff proceeding under a failure-to-warn theory in New York must demonstrate that the failure to warn adequately of the dangers of a product was a proximate cause of his or her injuries") (citation omitted). "A failure-to-warn inquiry focuses on three factors: obviousness of risk from actual use of product, knowledge of the particular user, and proximate cause." Colon ex rel. Molina v. BIC USA, Inc., 199 F. Supp. 2d 53, 85 (S.D.N.Y. 2001).

"Summary judgment is . . . appropriate when plaintiff has introduced no evidence that a manufacturer [or distributor] knew or should have known of the danger at issue." Hollman v. Taser Intern. Inc., 928 F. Supp. 2d 657, 673 (E.D.N.Y. 2013) (internal citation marks omitted). "Without evidence legally sufficient to permit a jury to rationally infer that the defendant had constructive notice of a dangerous condition, the defendant cannot be held liable for failure to warn or to remedy the defect." Nussbaum v. Metro-North, No. 12 Civ. 00367, 2014 WL 241249, at *10 (S.D.N.Y. Jan. 21, 2014) (internal citations omitted); see also Walsh v. Hayward Indus. Products, Inc., 7 F. App'x 72, 73, 2001 WL 303754 (2d Cir. 2001) (affirming grant of summary judgment for defendant on failure to warn claim where the plaintiff was an employee at a wastewater treatment facility who was injured when a valve burst, and the plaintiff "failed to

produce evidence showing that the valves were dangerous as manufactured, or that a warning would have prevented his injury"). Here, even assuming that there was a latent defect in the subject pallet (which Plaintiff has not shown), Plaintiff has introduced no evidence establishing that Defendants would have known about such a defect and could have properly warned him about it. Accordingly, because no rational jury could infer that Defendants had constructive notice of the dangerous condition, Defendants' motion for summary judgment must also be granted with respect to Plaintiff's failure to warn claim.

## CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is granted, and Plaintiff's complaint is dismissed in its entirety.

This Memorandum Order resolves docket entry number 28.

The Clerk of Court is hereby directed to enter judgment in Defendants' favor and close this case.

SO ORDERED.

Dated: New York, New York
April 24, 2014

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge